**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:19-cr-00072-JAW |
| | ) | |
| FRANK CURTIS | ) | |

**AMENDED ORDER ON MOTION FOR VIDEOCONFERENCE SENTENCING[1]**

Finding that delaying a sentencing hearing in this case would cause serious harm to the interests of justice, the Court conditionally grants a defendant's motion to be sentenced on a date certain by videoconference pursuant to the CARES Act[2]; however, if an in-person sentencing hearing is available by the date of the sentencing hearing, the Court will hold an in person hearing consistent with the requirements of due process and Federal Rule of Criminal Procedure 43.

**I.     BACKGROUND**

On January 16, 2015, Frank Curtis pleaded guilty to an information charging him with participating in a conspiracy to distribute cocaine and oxycodone, a violation of 21 U.S. C. § 841(a)(1). *Information*, *United States v. Curtis*, No. 1:14-cr-00140-JAW (D. Me.), ECF No. 2; *id.*, *Min. Entry*, ECF No. 11. On November 9, 2015, the Court sentenced Mr. Curtis to eighty months of incarceration, three years of supervised release and a $100 special assessment. *Id.*, *J.*, ECF No. 47. Mr. Curtis is scheduled

---

[1]     A previous version of this order scheduled Mr. Curtis' sentencing hearing for September 19, 2020, which is a Saturday.
[2]     Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

to be released from incarceration on September 19, 2020. *Gov't Resp. to Notice of Admin. Review* (ECF No. 38) (*Gov't's Resp.*).³

While in prison, however, with the end of his incarceration in sight, Mr. Curtis committed new criminal conduct. On April 12, 2019, a federal grand jury indicted Mr. Curtis for engaging in a conspiracy to commit mail fraud. *Indictment* (ECF No. 1). Mr. Curtis pleaded guilty to this new criminal conduct on December 16, 2019. *Min. Entry* (ECF No. 32). Under the terms of the plea agreement between the parties, the parties agreed to jointly recommend to the Court that its sentence should include three months of community confinement under either the original case or the new case, but the Government reserved the right to argue for up to two months of incarceration in addition to community confinement and Mr. Curtis reserved the right to argue for no additional prison time. *Am. Agreement to Plead Guilty (with Stips. and Appeal Waiver)* (ECF No. 31).

On March 24, 2020, the Government informed the Court that it intended to recommend that the Court impose a sentence on Mr. Curtis that included two months of prison time. *Gov't's Resp.* at 1. On May 1, 2020, however, the Government filed a sentencing memorandum informing the Court that, considering the COVID-19 pandemic and its possible affect on Mr. Curtis' halfway house placement, the Government was updating its sentencing recommendation to "three months of community confinement and three years of supervision," with no term of further incarceration. *Gov't's Sentencing Mem.* at 2 (ECF No. 43). On May 14, 2020, Mr.

---

³  All citations to the docket from this point forward are to *United States v. Curtis*, No. 2:19-cr-00072-JAW unless otherwise noted,

Curtis filed a motion under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) (CARES Act), seeking to proceed to his sentencing by videoconference.  *Def.'s Mot. for Videoconference Sentencing* (ECF No. 44).

## II.   DISCUSSION

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing."  FED. R. CRIM. P. 43(a)(3).  In *Kentucky v. Stincer*, the United States Supreme Court held that "due process clearly requires that a defendant be allowed to be present 'to the extent that a fair and just hearing would be thwarted by his absence.'" 482 U.S. 730, 745 (1987) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 108 (1934)); *see also United States v. Veloz*, 948 F.3d 418, 435 (1st Cir. 2020). In ordinary times, Mr. Curtis would have a right to be physically in the courtroom before this Court in order to be sentenced.

But this is no ordinary time.  With the advent of the COVID-19 pandemic, Congress enacted the CARES Act, which — as noted earlier — allows a court to sentence a defendant by videoconference.  Nevertheless, before the Court may proceed to sentence Mr. Curtis by videoconference, it must "find[] for specific reasons that the . . . sentencing in th[is] case cannot be further delayed without serious harm to the interests of justice . . . ." *Id.* § 15002(b)(2).  On June 30, 2020, pursuant to his authority under the CARES Act, Chief Judge Levy reauthorized the use of videoconferencing in this District until 11:59 p.m. on September 28, 2020.  *In re: Ct. Operations under the Exigent Circumstances Created by the COVID-19 Coronavirus*

3

*& Related Pandemic Precautions*, *General Order 2020-10* (D. Me. Jun. 30. 2020); *see also id.*, *General Order 2020-4* (D. Me. Mar. 31. 2020).

In this case, the Court maintains its preference for sentencing defendants, including Mr. Curtis, in person, rather than by videoconference and—if the state of the COVIC-19 pandemic permits the Court to do so before September 19, 2020—it will proceed with sentencing on September 18, 2020, with Mr. Curtis in the courtroom as required by Rule 43 and due process. However, if the pandemic makes an in-court appearance too risky, the Court finds that there are specific reasons why sentencing in this case cannot be further delayed without serious harm to the interests of justice.

First and most importantly, the Government and Mr. Curtis are making a joint recommendation that he serve no additional period of incarceration beyond September 19, 2020. If the Court accepts the parties' recommendation of a time-served sentence as of September 19, 2020, waiting to sentence Mr. Curtis until an unknown date when his physical presence in the courtroom would be safe might mean that he would be required to remain in prison beyond the recommended period of incarceration.

Second, Mr. Curtis has affirmatively consented to and moved the Court to allow him to be sentenced by videoconference. Thus, Mr. Curtis has knowingly, intelligently, and voluntarily waived his right to be physically present in the courtroom and is affirmatively asking the Court to hold a sentencing hearing by videoconference.

4

Third, having conducted other hearings by videoconference and having viewed other judges conduct sentencings by videoconference, the Court concludes that, while a video sentencing is a pale replacement for an in-person sentencing, the Court would be able to sentence Mr. Curtis via videoconference in the circumstances of this case without offending due process or Rule 43.

Finally, aside from the obvious and significant harm delay beyond September 19, 2020, would cause Mr. Curtis, such a delay could undermine public confidence in the Court and the judicial system as Mr. Curtis would be potentially subject to a greater period of incarceration than the nature and circumstances of the offense and Mr. Curtis' history and characteristics would ordinarily require.  *See* 28 U.S.C. § 3553(a).

However, as an in-person sentencing hearing would be preferable to one done by video, the Court will schedule Mr. Curtis' sentencing hearing for September 18, 2020, in the hopes that by that time, in-person sentencing hearings are possible.  If not possible, the Court concludes that "sentencing in th[is] case cannot be further delayed" beyond September 19, 2020, "without serious harm to the interests of justice," *id.* § 15002(b)(2), and the Court will conduct a sentencing hearing for Mr. Curtis on September 18, 2020 by videoconference.

### III.   CONCLUSION

The Court conditionally GRANTS Frank Curtis' Motion for Videoconference Sentencing (ECF No. 44) and ORDERS the Clerk of Court for the District of Maine to schedule a sentencing hearing for Mr. Curtis on September 18, 2020, at a time

5

mutually agreeable to the parties and the Court.  If the Court is holding in-person sentencing hearings at that time, the hearing shall be in person.  If the Court is not holding in-person sentencing hearings at that time, the hearing shall be by videoconference.

    SO ORDERED.

                                            <u>/s/ John A. Woodcock, Jr.</u>
                                            JOHN A. WOODCOCK, JR.
                                            UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2020